## STATE v. JASON RHODES.

(Filed 15 June, 1931.)

**Homicide H c—Instruction in this case relating to right to shoot another held reversible error under the evidence.**

Where, in a prosecution for murder, there is evidence that both the defendant and the deceased were hunting each other with shotguns and met and fired at each other at about the same time, an instruction of the court that no man has a right to shoot another because the latter has shot at him, though technically correct, is held to constitute reversible error when applied to the setting and circumstances of this case.

CRIMINAL ACTION, before *Harding, J.,* at September Term, 1930, of McDOWELL.

The defendant conducted a store on the right-hand side of the public road. The scene opens with the deceased, Sam ·Gardner, standing in front of defendant's store, armed with a shotgun, and the defendant leaving his place of business in a stooping position and looking back toward his store. A witness spoke to the deceased and asked him what was the matter, and the deceased replied that "Jase Rhodes had mistreated him." The evidence further discloses that the defendant, who was unarmed, went to his home and secured a gun and came back toward his store. Before reaching the store he encountered the deceased. "Both shot about the same time. Jase shot only once. Immediately after Jase shot, Sam shot and then run. He shot in the direction where Jase was." . . . Sam stopped at the porch and put his gun by the side of the house and then took it down and Jase kept on coming to the hedge. . . . Jase kept on coming, and when Sam got to the corner of her house Jase was then at the hedge and shot Sam. Sam was fixing to run again. . . . After the shot that hit Sam was fired Jase ran up the road."

Another witness for the State testified that when the defendant came to his house to get his gun that she grabbed the gun and started to run out with it, and before she got to the front door the defendant overtook her and said, "Give it here. I am not going to let that negro kill me."

The defendant was convicted of murder in the first degree, and from judgment of death pronounced, appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*D. F. Giles for defendant.*

BROGDEN, J. The evidence tends to show that the deceased came to the store of defendant, armed with a shotgun. It does not appear what happened, but at any rate the defendant was first seen leaving his store and going in the direction of his home, where he procured a shotgun. In the meantime the deceased had moved in the general direction of defendant's home, and they met at a point between the defendant's home and his place of business. It is readily inferred that both the deceased and the defendant were hunting each ·other with shotguns, and the record actually discloses that both fired at each other. The judge charged the jury as follows: "Under the law of this State a man has a right to use force to protect himself against the attack and assaults of another. He has no right to shoot another man because another man has .shot him or has insulted him or has done some act which he feels outraged by. He has no right to even lay hands upon him if the act is done."

The defendant excepts to the following portion of the foregoing instruction: "Has no right to shoot another man because another man has shot him." This instruction is of course technically correct, but when applied to the setting of the case and the circumstances surrounding the parties, the law was stated too broadly, and the principle should have been applied and fitted to the testimony.

New trial.